IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-02264-REB-MEH

DIANN LINDQUIST,

       Plaintiff,

v.

ARAPAHOE COUNTY,
ARAPAHOE COUNTY BOARD OF COUNTY COMMISSIONERS,
SHERIFF GRAYSON ROBINSON, in his official capacity,
DEPUTY JAMES COOK, in his official and individual capacities,
DEPUTY PAUL BOLTE, in his official and individual capacities,
DEPUTY KRISTEN MORRIS, in her official and individual capacities,

       Defendants.

---

## ORDER ON MOTION TO COMPEL

---

Before the Court is Plaintiff's Motion to Compel Defendant Sheriff Grayson Robinson to Provide Discovery Responses Related to Similar Claims [filed June 6, 2011; docket #56]. The matter is briefed and has been referred to this Court for disposition. Oral argument would not materially assist the Court in adjudicating the motion. For the reasons that follow, the Court **grants in part** and **denies in part** the Motion to Compel.

I.      **Background**

In this action, Plaintiff Diann Lindquist alleges that in or about September 2008 she was unlawfully stopped and detained by Defendants Cook and Bolte, deputies of the Arapahoe County Sheriff's Office. Amended Complaint, docket #31. She further claims that, in retaliation for expressing her objections to Defendants' conduct, Defendants then handcuffed her, and while she was restrained, repeatedly struck her in the arms, wrist and hands. *Id.* Lindquist seeks damages for

injuries she allegedly has suffered, and continues to suffer, from the arrest and use of force.  *Id.*

In this matter, the parties have engaged in discovery and exchanged a good amount of information and a significant number of documents.  However, Lindquist contends that, while Defendant Sheriff Robinson has produced certain requested documents for the years 2003-2009, he has failed or refused to produce such documents for the year 2010.  Lindquist argues that the 2010 documents are likely to lead to the discovery of admissible evidence concerning her claim against Arapahoe County pursuant to *Monell v. Dep't of Social Servs.*, 463 U.S. 658 (1978).  Moreover, Lindquist seeks copies of documents pertaining to the litigation of several cases Robinson has listed for her, as well as any and all documents concerning "informal complaints" made against the County for the relevant time period.

Robinson objects to Lindquist's requests as vague, overly burdensome and irrelevant. Robinson argues that the requested 2010 documents would not support Lindquist's *Monell* claim given that if she "is unable to substantiate her 'custom and practice' theory using the thousands of pages of documents she has already been provided ... then she can hardly illustrate or prove her theory using records originating after her arrest; and certainly not records illustrating arrests and uses of force from 2010."  Response at 12, docket #66.  Robinson further objects that he has no documents concerning "informal complaints" in his possession, and any litigation documents Lindquist seeks are accessible to her and to the public at large.

## II.    Legal Standard

The party moving to compel discovery must prove that the opposing party's answers are incomplete.  *Bayview Loan Servicing, LLC v. Boland*, 259 F.R.D. 516, 518 (D. Colo. 2009) (citing *Daiflon, Inc. v. Allied Chemical Corp.,* 534 F.2d 221 (10th Cir. 1976) ("appellees had the burden

of proving the answer to their interrogatory was indeed incomplete")); *see also Continental Ins. Co. v. McGraw*, 110 F.R.D. 679, 682 (D. Colo. 1986) (the burden of proof lies with the proponent to prove answers are incomplete, inadequate, or false).

Here, Lindquist primarily challenges Robinson's objections to her discovery requests based upon relevance. The scope of evidence that is subject to discovery under the federal rules is broad:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense - including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter. For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.

Fed. R. Civ. P 26(b)(1) (2010). The party objecting to discovery must establish that the requested discovery does not fall under the scope of relevance as defined in Fed. R. Civ. P. 26(b)(1). *Simpson v. University of Colo.*, 220 F.R.D. 354, 359 (D. Colo. 2004).

## III.   Analysis

In this matter, Lindquist's document requests fall into three categories: (1) certain documents related to conduct in the year 2010, including Professional Standards Bureau's Summary of Internal Affairs Investigations, Use of Force Incidents, and Vehicle Incidents; Use of Force Review Log Sheets; "Sustained" Internal Affairs Complaints or "Not in Compliance Use of Force Summaries"; and a list of similar lawsuits filed against Arapahoe County; (2) documents regarding "informal complaints" against Arapahoe County; and (3) documents pertaining to the list of lawsuits already provided to Lindquist by Robinson.

### A.   2010 Documents

The Court broadly construes relevancy, and a request for discovery should be considered

3

relevant if it is possible that the information sought may be relevant to the claim or defense of any party. *Bonanno v. Quizno's Franchise Co.*, 255 F.R.D. 550, 552 (D. Colo. 2009). When the requested information appears to be relevant, the party objecting to the discovery has the burden to establish the information is irrelevant by demonstrating the information does not come within the scope of relevance as defined by Fed. R. Civ. P. 26(b)(1), or is of such marginal relevance that the harm in producing the information outweighs the presumption in favor of broad disclosure. *Id.* (citing *Simpson*, 220 F.R.D. at 359). "Conversely, when the request is overly broad on its face or when relevancy is not readily apparent, the party seeking the discovery has the burden to show the relevancy of the request." *Hammond v. Lowe's Home Ctrs Inc..*, 216 F.R.D. 666, 670 (D. Kan. 2003); *see also Bonnano*, 255 F.R.D. at 553.

Here, the Court finds that information concerning use of force issues and internal affairs in the Arapahoe County Sheriff's Office for a portion of the year 2010 to be relevant for purposes of discovery in this case.[1]  Therefore, Robinson has the burden to demonstrate that such information does not come within the scope of relevance as defined by Rule 26(b)(1) or is of such marginal relevance that the harm in producing the information would outweigh the presumption in favor of broad disclosure. *Bonnano*, 255 F.R.D. at 552.  In this case, Robinson has not made the required

---

[1]Robinson's citations to *Graber v. City & Cnty. of Denver*, 2011 WL 839283, at *7 (D. Colo. Mar. 7, 2011) and *Casey v. City of Fed. Heights*, 2008 WL 2559443, at *2 (D. Colo. June 23, 2008) are not persuasive here.  In those cases, the courts were asked to determine whether the plaintiffs had proffered sufficient evidence to overcome summary judgment on the question of causation for the challenged municipal policies.  In the discovery context here, the information requested need not be admissible at trial (or for summary judgment purposes); therefore, the standard is quite different.  Moreover, the court in *Graber* cites to the opinion in *Cordova v. Aragon*, 569 F.3d 1183, 1194 (10th Cir. 2009), which acknowledges that "[a] subsequent cover-up might provide circumstantial evidence that the city viewed the policy as a policy in name only and routinely encouraged contrary behavior."

showing for documents pertaining to similar conduct for the *entire* year 2010.  The Court agrees

with Lindquist that some post-incident conduct may be relevant to a showing of an unconstitutional

policy, custom or practice pursuant to *Monell, supra.  See, e.g., Estate of Rice ex rel. Garber v. City*

*& Cnty. of Denver*, No. 07-cv-01571-MSK-BNB, 2008 WL 2228702, at *6 (D. Colo. May 27, 2008)

(unpublished) ("post-incident investigations and discipline are relevant to the issue of policy or

custom"); *see also Martinez v. Cornell Corrs. of Texas*, 229 F.R.D. 215, 223-24 (D.N.M. 2005)

(compelling production of documents concerning similar claims without a time frame

stating,"[t]here is a reasonable argument that subsequent acts or conduct may be admissible to

establish municipal liability").  At the same time, the Court believes that relevancy under these

circumstances diminishes as time passes.  With that in mind, and considering the liberal breadth of

discovery allowed under the rules, the Court finds that a reasonable time period for post-incident

conduct in this case to be two years.  Thus, the Court **grants** the motion in part and orders Robinson

to produce copies of documents, including those described by Lindquist as Professional Standards

Bureau's Summary of Internal Affairs Investigations, Use of Force Incidents, and Vehicle Incidents;

Use of Force Review Log Sheets; "Sustained" Internal Affairs Complaints or "Not in Compliance

Use of Force Summaries"; and a list of similar lawsuits filed against Arapahoe County in the same

format already provided to Lindquist and for the time period January 1, 2010 through September 16,

2010.

      B.    <u>Informal Complaints</u>

      Lindquist complains that Robinson responded to her request for "informal complaints" made

against Arapahoe County asserting that "no such documents exist." Motion at 6.  Robinson confirms

in his response to the motion that "no records regarding 'informal complaints' are known to exist."

Response at 12.  The Court finds no reason to doubt the credibility of the individual who executed the sworn discovery responses, nor an officer of the court responding to discovery in this case; if the documents do not exist, then the Court has nothing to compel.  Therefore, the motion is **denied** as to the production of "informal complaints" against Arapahoe County.

      C.      <u>Litigation Documents</u>

      With respect to her request for information and documentation concerning similar lawsuits filed against Arapahoe County, Lindquist claims that she has "tailored this request to seek production only of the complaints, orders regarding dispositive motions, and settlement documents (if applicable)."  Motion at 6.  Robinson counters that such documents are public and are easily accessible to Lindquist.  The Court agrees with Robinson.  He has provided Lindquist a list of the titles, case numbers and court locations of similar lawsuits brought against Arapahoe County for the relevant time period (except as set forth above).  *See* March 18, 2011 Letter from Newman to Caswall, docket #56-2 at 6.  In addition, Lindquist has been provided with copies of all relevant settlement agreements.  Response at 13 n.9.  The federal rules require only that the party responding to a request for production of documents produce what is in its "possession, custody or control." *See* Fed. R. Civ. P. 34(a)(1).  Here, Lindquist has all of the information she needs to access the public documents she seeks at her own expense.  Thus, the motion to compel is **denied** as to Lindquist's request for copies of "complaints, orders regarding dispositive motions, and settlement documents" pertaining to the list of similar lawsuits provided by Robinson.

## III.    Conclusion

      Accordingly, for the reasons stated above, it is hereby ORDERED that Plaintiff's Motion to Compel Defendant Sheriff Grayson Robinson to Provide Discovery Responses Related to Similar

Claims [filed June 6, 2011; docket #56] is **granted in part** and **denied in part** as specified herein.

Defendants shall respond to the requests so ordered no later than August 9, 2011.

Dated at Denver, Colorado, this 26th day of July, 2011.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge