IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-02264-REB-MEH

DIANN LINDQUIST,

Plaintiff,

v.

ARAPAHOE COUNTY,
ARAPAHOE COUNTY BOARD OF COUNTY COMMISSIONERS,
SHERIFF GRAYSON ROBINSON, in his official capacity,
DEPUTY JAMES COOK, in his official and individual capacities,
DEPUTY PAUL BOLTE, in his official and individual capacities,
DEPUTY KRISTEN MORRIS, in her official and individual capacities,

Defendants.

---

## ORDER ON MOTION TO COMPEL

---

Before the Court is Defendants' Motion to Compel Discovery Responses [filed June 20, 2011; docket #58].  The matter is briefed and has been referred to this Court for disposition.  Oral argument would not materially assist the Court in adjudicating the motion.  For the reasons that follow, the Court **grants in part** and **denies in part** the Motion to Compel.

I.      **Background**

In this action, Plaintiff Diann Lindquist alleges that in or about September 2008 she was unlawfully stopped and detained by Defendants Cook and Bolte, deputies of the Arapahoe County Sheriff's Office.  Amended Complaint, docket #31.  She further claims that, in retaliation for expressing her objections to Defendants' conduct, Defendants then handcuffed her, and while she was restrained, repeatedly struck her in the arms, wrist and hands.  *Id.*  Lindquist seeks damages for injuries she allegedly has suffered, and continues to suffer, from the arrest and use of force.  *Id.*

In the current motion, Defendants contend that Plaintiff's discovery responses are deficient, as described below.

## II.     Legal Standard

The party moving to compel discovery must prove that the opposing party's answers are incomplete. *Bayview Loan Servicing, LLC v. Boland*, 259 F.R.D. 516, 518 (D. Colo. 2009) (citing *Daiflon, Inc. v. Allied Chemical Corp.,* 534 F.2d 221 (10th Cir. 1976) ("appellees had the burden of proving the answer to their interrogatory was indeed incomplete")); *see also Continental Ins. Co. v. McGraw*, 110 F.R.D. 679, 682 (D. Colo. 1986) (the burden of proof lies with the proponent to prove answers are incomplete, inadequate, or false).

Here, certain of Lindquist's objections to Defendants' discovery requests are based upon relevance.  The scope of evidence that is subject to discovery under the federal rules is broad:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense - including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter.  For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action.  Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.

Fed. R. Civ. P 26(b)(1) (2010).  The party objecting to discovery must establish that the requested discovery does not fall under the scope of relevance as defined in Fed. R. Civ. P. 26(b)(1). *Simpson v. University of Colo.*, 220 F.R.D. 354, 359 (D. Colo. 2004).

## III.     Analysis

<u>Interrogatory No. 1</u>

Defendant asks Plaintiff to identify, as alleged by Plaintiff in her complaint, each policy, custom, procedure and/or practice of Arapahoe County that caused or contributed to the alleged

violation of Plaintiff's constitutional rights during the event in question.  After a very detailed objection, Plaintiff references the County's "codes, regulations, policies and manuals"; cites to three sheriff's deputies' depositions in which the deponents allegedly assert that their conduct adhered to their training and the policies of the County; relies on three witness depositions (including the Plaintiff's) concerning the deputies' actual conduct on the day in question; relies upon the discovery produced by both sides in this case; and points to the opinions of Plaintiff's experts.

I believe it is an appropriate requirement for Plaintiff to put the Defendant on notice of exactly what she thinks are the "law enforcement related policies, procedures, customs, and/or practices exhibiting or resulting in a deliberate indifference to the constitutional rights of citizens of Centennial."  Amended Complaint ¶ 74.  If it is a policy of arresting people without probable cause, or of using force when one is needed, then Plaintiff should so state.  To this extent, Defendant's motion is granted.  However, to the extent the motion seeks more information as to the evidence that constitutes proof of such policies/procedures/customs/practices, the Court assumes that Plaintiff has provided all such evidence of which she is aware,[1] and as Plaintiff stated, if and when additional evidence is obtained, she will provide it.

Interrogatory No. 2

This question seeks facts upon which Plaintiff relies in alleging that the County permits deputies to use excessive force.  Plaintiff provides the same litany of evidence as used in response to Interrogatory No. 1.  Again, the Court assumes that Plaintiff has provided all such evidence of which she is aware and, thus, the motion should be denied.  In its dispositive motion, Defendant

_____

[1]And, thus, Defendant can use Plaintiff's response to Interrogatory No. 1 as such, in any dispositive motion seeking to dismiss the practice and customs claim.

3

should be permitted to bank on the response provided by Plaintiff and argue that this is all the information Plaintiff possesses, unless and until Plaintiff's response to this Interrogatory is supplemented.

Interrogatory No. 3

This question seeks facts upon which Plaintiff relies in alleging that Defendant Robinson and/or the County failed to train deputy sheriffs regarding injuries associated with handcuffing. Again, Plaintiff provides the same litany of evidence as used in response to Interrogatory No. 1. The Court's Order is the same as for Interrogatory No. 2.

Interrogatory No. 4

This question seeks facts upon which Plaintiff relies in alleging that Defendant Robinson and/or the County failed to train deputy sheriffs regarding searches of members of the oppositve sex. Again, Plaintiff provides the same litany of evidence as used in response to Interrogatory No. 1. The Court's Order is the same as for Interrogatory No. 2.

Interrogatory No. 5

This question seeks facts upon which Plaintiff relies in alleging that Defendant Robinson and/or the County failed to train deputy sheriffs regarding force used upon individuals who have already been incapacitated.   Again, Plaintiff provides the same litany of evidence as used in response to Interrogatory No. 1.  The Court's Order is the same as for Interrogatory No. 2.

Interrogatory No. 6

This question seeks facts upon which Plaintiff relies in alleging that Defendant Robinson and/or the County so properly failed to train deputy sheriffs regarding civil rights, that misconduct by deputies was "almost inevitable."  Amended Complaint ¶ 96. Again, Plaintiff provides the same

litany of evidence as used in response to Interrogatory No. 1.  The Court's Order is the same as for Interrogatory No. 2.

> Interrogatory Nos. 7 and 10; Requests for Production Nos. 1 and 3

Defendant states that in her state court criminal trial, Plaintiff testified that the deputies broke her wrist and, as a result, she missed about eight and one-half months of work.  Defendant seeks Plaintiff's billing (for years 2008-09) and income (information and records for the same years, tax records for 2007-09) information and records to test the veracity of this allegation, for credibility purposes.  Plaintiff argues that because she has withdrawn any claim for economic damages, this interrogatory seeks irrelevant personal information.  "The credibility of the witness is always relevant in the search for truth . . . ."  *Sanders v. Buchanan*, 407 F.2d 161, 162 (10th Cir. 1969). Plaintiff should provide the requested information and records.  It will be Judge Blackburn's decision as to whether to admit it.

> Request for Production No. 2

This request seeks identification of the documents Plaintiff relied upon in answering the interrogatories.  I believe Plaintiff's recurring answers to Interrogatories 1-6 pass muster as far as identifying documents.  For Interrogatories 7 and 10, the Court has ordered production of documents.

## III.     Conclusion

Accordingly, for the reasons stated above, it is hereby ORDERED that Defendants' Motion to Compel Discovery Responses [filed June 20, 2011; docket #58] is **granted in part** and **denied in part** as specified herein.  Plaintiff shall respond to the requests so ordered no later than August 15, 2011.

Dated at Denver, Colorado, this 5th day of August, 2011.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge